IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

TOM BLACK, et al.            )
                             )
v.                           ) NO. 3:05-0469
                             ) JUDGE CAMPBELL
OPEN SOLUTIONS, INC.         )

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss or, in the Alternative, to Transfer (Docket No. 5). For the reasons stated herein, Defendant's Motion is DENIED.

FACTS

Plaintiffs are former stockholders of a Tennessee corporation called iMagic Corporation. Defendant is a Delaware corporation with its principal offices in Connecticut. In December of 2001, Plaintiffs and Defendant entered into an Agreement and Plan of Merger and Reorganization through which iMagic merged into a wholly-owned subsidiary of Defendant and Plaintiffs were compensated for their iMagic stock.

Pursuant to the Merger Agreement, Plaintiffs were required to indemnify Defendant in certain circumstances. Docket No. 3, Tab A, ¶ 9.2. To secure the Plaintiffs' indemnification obligations to Defendant, the parties entered into an Escrow Agreement, pursuant to which part of the Plaintiffs' compensation for the merger was placed into escrow. The Escrow Agreement includes procedures for Defendant to file written notice of any claim for indemnification which it made against the escrow fund and procedures for Plaintiffs to file any written objections to those claims. Escrow Agreement (Tab B to Docket No. 3), ¶ 5.

To resolve disputed claims, the Escrow Agreement provides that the parties "may consider non-binding mediation and/or other alternative dispute resolution procedures," but "no party is required to participate in any such procedures against his or its will." Id.

The Merger Agreement provides that it will be governed by the laws of the State of Delaware (Docket No. 3, Tab A, ¶ 11.9), and the Escrow Agreement provides that it will be governed by and construed in accordance with the laws of the State of Connecticut. Docket No. 3, Tab B, ¶ 14.

On December 8, 2003, Defendant filed a Notice of Claim with the Escrow Agent and Plaintiffs, asserting a claim for certain uncollectible accounts receivable, certain payments to the iMagic 401(k) plan, and certain other liabilities. Docket No. 3, Tab C. On January 7, 2004, Plaintiffs, through their Stockholder Representative, Tom Black, filed an Objection to Defendant's claim. Id., Tab D.

The Escrow Agreement includes the following provision: "The parties hereto hereby irrevocably agree that any suit, action, or other legal proceeding arising out of this Agreement or any of the transactions contemplated hereby may be brought in any Connecticut or United States federal court located in the County of Hartford. Accordingly, the parties hereto each waive any objection to venue laid therein." Docket no. 3, Tab B, ¶ 14.

Plaintiffs filed this action in the Chancery Court for Davidson County, Tennessee, for declaratory judgment to determine the disposition of the remaining escrow funds. Defendant removed the action to this Court and now has moved to dismiss or transfer the action.

## MOTIONS TO DISMISS

In considering a motion to dismiss for failure to state a claim on which relief can be granted, the court must accept as true all factual allegations in the complaint. Broyde v Gotham Tower, Inc.,

13 F.3d 994, 996 (6th Cir. 1994). The motion should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id.

A motion to dismiss for failure to state a claim upon which relief can be granted must be viewed in the light most favorable to the party opposing the motion. State of Ohio ex rel. Fisher v. Louis Trauth Dairy, Inc., 856 F.Supp. 1229, 1232 (S.D. Ohio 1994). The purpose of a motion to dismiss for failure to state a claim is to allow the defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

### DEFENDANT'S MOTION TO DISMISS

Defendant contends that the claims against it should be dismissed for lack of personal jurisdiction over it. The Plaintiffs bear the burden of establishing that personal jurisdiction over the Defendant exists International Technologies Consultants, Inc. v. Euroglas, 107 F.3d 386, 391 (6th Cir. 1997). In the absence of an evidentiary hearing on the jurisdiction issue, the Plaintiffs need only make a prima facie showing of personal jurisdiction. Dean v. Motel 6 Operating L.P., 134 F.3d 1269, 1271-72 (6th Cir. 1998); Euroglas, 107 F.3d at 391. In determining whether Plaintiff has made that showing, the Court must consider the pleadings and affidavits in a light most favorable to the Plaintiff. Dean, 134 F.3d at 1272.

Because this case was brought pursuant to the Court's diversity jurisdiction, the Court must look to Tennessee law to determine whether jurisdiction is appropriate, subject to the constitutional limits of due process. Dean, 134 F.3d at 1273. The Tennessee long-arm statute, Tennessee Code Annotated Section 20-2-214(a)(6), has been interpreted to extend to the limits on personal jurisdiction imposed by the Due Process Clause. Payne v. Motorists' Mut. Ins. Cos., 4 F.3d 452, 455

3

(6th Cir. 1993); Chenault v. Walker, 36 S.W.3d 45, 52-53 (Tenn. 2001). Thus, the two inquiries merge and the Court need only determine whether the assertion of personal jurisdiction violates constitutional due process. Payne, 4 F.3d at 455.

Personal jurisdiction over a defendant comports with the Due Process Clause where that jurisdiction stems from "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Calder v. Jones, 104 S.Ct. 1482, 1486 (1984) (quoting International Shoe Co. v. Washington, 66 S.Ct. 154, 158 (1945)).

Personal jurisdiction may be general or specific depending on the nature of the contacts in a particular case. Compuserve Inc. v. Patterson, 89 F.3d 1257, 1263 (6th Cir. 1996). General jurisdiction exists "when a defendant has 'continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims.'" Aristech Chemical Int'l Ltd. v. Acrylic Fabricators Ltd., 138 F.3d 624, 627 (6th Cir. 1998). Specific jurisdiction, on the other hand, "subjects the defendant 'to suit in the forum state only on claims that 'arise out of or relate to' a defendant's contacts with the forum.'" Id. Plaintiffs argue that Defendant is subject to jurisdiction under either test. Because the Court finds the Defendant subject to specific personal jurisdiction, however, evaluation of whether general personal jurisdiction exists is unnecessary.

The Sixth Circuit has established three criteria to be used in determining whether specific jurisdiction exists in a particular case:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

4

Payne, 4 F.3d at 455 (quoting Southern Machine Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir. 1968)). The "purposeful availment" requirement is satisfied when the defendant's contacts with the forum state proximately result from actions by the defendant itself that create a "substantial connection" with the forum State, and when the defendant's conduct and connection with the forum are such that it should reasonably anticipate being haled into court there. Compuserve, Inc., 89 F.3d 1263 (quoting Burger King Corp. v. Rudzewicz, 105 S.Ct. 2174, 2183-84 (1985)). A defendant should not be haled into a jurisdiction where its contacts are random, fortuitous, or attenuated. Id.; Dean, 134 F.3d at 1273.

Here, Defendant argues that Plaintiffs have failed to state any basis for a court in Tennessee to have jurisdiction over this Connecticut corporation. In response, Plaintiff has filed evidence that Defendant has a registered agent and office in Tennessee. Docket No. 10. The Complaint alleges that Defendant purchased the stock and assets of a Tennessee corporation based in Brentwood, Tennessee, and that four of the Plaintiffs live in Tennessee.

The Court finds that Defendant "purposefully availed" itself of the privilege of acting in Tennessee or causing a consequence here when it registered to do business here and when it entered into the transaction to purchase the Tennessee corporation. In addition, this cause of action arises from Defendant's activities here, since it arises from the Merger Agreement's indemnity obligations and the procedures provided in the Escrow Agreement. Defendant could have reasonably anticipated being "haled into court" here.

Finally, weighing all the relevant factors, the Court finds that the issues of this lawsuit and Defendant's transaction of business here have a substantial enough connection with Tennessee to

5

make this Court's exercise of jurisdiction over Defendant reasonable. For these reasons, Defendant's Motion to Dismiss is DENIED.

## DEFENDANT'S MOTION TO TRANSFER

Alternatively, Defendant argues that this case should be transferred to the U.S. District Court of Connecticut, pursuant to 28 U.S.C. § 1404(a). That Section provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The burden is on the moving party to demonstrate that transfer is appropriate, and the plaintiff's choice of venue should not be lightly disturbed. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3rd Cir. 1995). A district court has broad discretion to grant or deny a motion to transfer a case. Phelps v. McClellan, 30 F.3d 658, 663 (6th Cir. 1994).

In reviewing a motion to transfer, the Court is to consider all relevant factors, including the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of interests of justice. Moses v. Business Card Express, Inc., 929 F.2d 1131, 1137 (6th Cir. 1991).

Defendant argues that its offices are located in Connecticut, the Escrow Agent is located in Connecticut, relevant documents are in Connecticut and Massachusetts, the attorney who drafted the Escrow Agreement is in Massachusetts, Connecticut law must apply to this dispute, and the forum selection clause quoted above mandates that this action be tried in Connecticut.

On the other hand, Plaintiffs point out that the forum selection clause is permissive, not mandatory, that the Escrow Agreement, Escrow Agent and attorney who drafted the Escrow

Agreement are irrelevant to the issues concerning indemnity obligations presented herein, and that Defendant has failed to show a sufficient basis for rejecting Plaintiffs' choice of venue and transferring the case to Connecticut. Plaintiffs contend that the issues herein involve iMagic's receivables and payables and nothing about the terms of the Escrow Agreement, the escrow process, or any act or omission of the Escrow Agent. In addition, four of the Plaintiffs, including the Shareholder Representative, live in Nashville, and an important non-party witness, the former CEO of iMagic, lives in Nashville.

It appears that one of the parties in this case will necessarily suffer some inconvenience and expense by whatever action the Court takes, but "transfer of venue is inappropriate where it would serve only to transfer the inconvenience from one party to the other." Diebold, Inc. v. Firstcard Financial Services, Inc., 104 F.Supp.2d 758, 764 (N.D.Ohio 2000). Therefore, the convenience of the parties and witnesses does not weigh strongly in favor of transfer.

Weighing all the factors to be considered under Section 1404(a), including the Plaintiffs' choice of forum, the Court concludes that transfer of this case to the District Court in Connecticut is not warranted. Therefore, Defendant's Motion to Transfer is DENIED.

IT IS SO ORDERED.

*(signature)*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

7

Case 3:05-cv-00469   Document 13   Filed 08/09/05   Page 7 of 7 PageID #: 195