IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

TOM BLACK, et al.                    )
                                     )
v.                                   ) NO. 3:05-0469
                                     ) JUDGE CAMPBELL
OPEN SOLUTIONS, INC.                 )

MEMORANDUM

Pending before the Court is Defendant's Motion for Partial Summary Judgment (Docket No. 25). For the reasons stated herein, Defendant's Motion is DENIED.

FACTS

In December of 2001, Plaintiffs, former shareholders of iMagic Corporation, and Defendant Open Solutions, Inc. ("OSI") entered into an Agreement and Plan of Merger and Reorganization through which iMagic merged into a wholly-owned subsidiary of OSI and Plaintiffs were compensated for their iMagic stock.

Pursuant to the Merger Agreement, Plaintiffs were required to indemnify Defendant in certain circumstances. To secure the Plaintiffs' indemnification obligations to Defendant, the parties entered into an Escrow Agreement, pursuant to which part of the Plaintiffs' compensation for the merger was placed into escrow. The Escrow Agreement includes procedures for Defendant to file written notice of any claim for indemnification which it made against the escrow fund and procedures for Plaintiffs to file any written objections to those claims.

On December 8, 2003, OSI filed a Notice of Claim with the Escrow Agent and Plaintiffs, asserting a claim for certain uncollectible accounts receivable, certain payments to the iMagic 401(k) plan, and certain other liabilities. Plaintiffs, through their Stockholder Representative, Tom Black,

filed an Objection to Defendant's claim on January 7, 2004, in which the Plaintiffs objected to OSI's Notice of Claim. OSI provided additional information to Plaintiffs on February 13, 2004. On October 18, 2004, counsel for the Plaintiffs sent a letter to counsel for OSI in which he stated, among other things, "In brief, the former iMagic shareholders reject $310,055.52 of the claim, and accept $190,469.96 of the claim (subject to allowances and deductible)." Plaintiffs claim that OSI never responded to the October 10, 2004 letter, so Plaintiffs were "forced to file for a declaratory judgment."

Plaintiffs filed this action for declaratory judgment as to proper distribution of the Escrow Account. OSI has now moved the Court to enter partial summary judgment for OSI as to the $190,469.96 claims which Plaintiffs, according to OSI, "admitted" in the October 18, 2004 letter.

SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. Id.; Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. Meyers, 341 F.3d at 466. A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant.

2

Id. The non-moving party may not rest on mere allegations but must set forth specific facts showing

that there is a genuine issue for trial. Hopson, 306 F.3d at 432.


## ALLEGED ADMISSIONS

Defendant asserts that Plaintiffs have admitted or accepted a large number of OSI's claims

against the escrow fund based upon the October 18, 2004 letter. That letter represented Plaintiffs'

response to OSI's provision of additional information in response to Plaintiffs' Objection to OSI's

Notice of Claim.

Plaintiffs argue that the October 18, 2004 letter was part of ongoing settlement negotiations

between the parties concerning OSI's Notice of Claim. Plaintiffs cite language in the October 18,

2004 letter indicating Plaintiffs' "hopes of resolving this matter as amicably and expeditiously as

practical" and contend that the letter is inadmissible as conduct or statements made in compromise

and settlement negotiations.

Rule 408 of the Federal Rules of Evidence provides:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or
> offering or promising to accept, a valuable consideration in compromising or
> attempting to compromise a claim which was disputed as to either validity or
> amount, is not admissible to prove liability for or invalidity of the claim or its
> amount. Evidence of conduct or statements made in compromise negotiations is
> likewise not admissible.

Fed. R. Evid. 408. Reliance upon letters between counsel discussing settlement proposals is

inappropriate, as such evidence would not be admissible at trial. Rose v. Saginaw County, 353

F.Supp.2d 900, 917 (E.D. Mich. 2005).

The Sixth Circuit Court of Appeals has held:

3

> There exists a strong public interest in favor of secrecy of matters discussed by parties during settlement negotiations. This is true whether settlement negotiations are done under the auspices of the court or informally between the parties. The ability to negotiate and settle a case without trial fosters a more efficient, more cost-effective, and significantly less burdened judicial system. In order for settlement talks to be effective, parties must feel uninhibited in their communications. . . . Parties must be able to abandon their adversarial tendencies to some degree. They must be able to make hypothetical concessions, offer creative *quid pro quos*, and generally make statements that would otherwise belie their litigation efforts.

Goodyear Tire and Rubber Co. v. Chiles Power Supply, Inc., 332 F.3d 976, 980 (6th Cir. 2003).

The Court finds that the October 10, 2004 letter upon which Defendant bases its Motion for Partial Summary Judgment was part of an attempt by the parties to resolve this matter without litigation. As part of the compromise and settlement negotiations, it cannot be relied upon to establish liability or amounts owed in this case.

Accordingly, Defendant's Motion for Partial Summary Judgment (Docket No. 25) is DENIED.

IT IS SO ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

4